UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TYLER RAYSHON THOMAS, | ) | CASE NO. 1:23-cv-00612 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | **MEMORANDUM OPINION** |
| SECURITY, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

Before the Court is Magistrate Judge Reuben J. Sheperd's Report and Recommendation ("R&R") recommending the Commissioner of Social Security's decision be affirmed. (Doc. 19.) Plaintiff Tyler Rayshon Thomas ("Thomas") timely filed objections (Doc. 20), and Defendant Commissioner of Social Security ("Commissioner") responded. (Doc. 21.)

For the reasons stated herein, Thomas's objections are OVERRULED, the R&R is ACCEPTED and ADOPTED, and the Commissioner's final decision is AFFIRMED.

### A. Thomas's Medical History

Thomas does not object to the factual record and procedural history in the R&R. (*See* Doc. 19.)[1] Notwithstanding, the Court summarizes the facts pertinent to his objections.

On March 10, 2020, Thomas arrived at the South Pointe Hospital due to an asthma exacerbation. (Doc. 11 at 574.) His medical history included a HIV diagnosis in 2006, avascular necrosis of the right hip, and right hip pain. (*Id.*) His past surgical history listed a right hip joint

---

[1] For ease and consistency, briefing citations reflect the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

replacement on May 1, 2017.  (*Id.*)  Thomas occasionally smoked marijuana.  (*Id.* at 575.)  On

March 12, 2020, he was discharged.  (*Id.* at 600.)

On August 18, 2020, Thomas visited Circle Health Services for a provider appointment

where normal gait and station were noted.  (*Id.* at 666, 670.)  A May 8, 2020, appointment found

the same.  (*Id.* at 676.)  On January 19, 2021, he was also noted as having a normal gait and

station along with upper and lower extremity strength of 5/5.  (*Id.* at 660.)

On May 3, 2021, Thomas visited a provider in The MetroHealth System and reported left

hip pain.  (*Id.* at 804.)  Treatment notes indicated Thomas developed avascular necrosis from

HIV medication and that he used a walker.  (*Id.*)  Thomas was diagnosed with left hip

osteonecrosis and was recommended treatment options including corticosteroid injections,

ambulatory aid, weight loss, and a total hip arthroplasty.  (*Id.* at 807.)  He was fitted with a

walker with wheels and instructed on its use.  (*Id.*)

On June 23, 2021, Thomas underwent a left total hip arthroplasty.  (*Id.* at 836.)  He was

discharged on June 26, 2021, with a wheeled walker.  (*Id.* at 829, 825.)  On July 2, 2021,

Thomas saw a physical therapist who noted he "[r]eviewed and performed limited home

exercises and pt had high level of pain."  (*Id.* at 827.)  On July 7, 2021, two weeks after his

surgery, Thomas reported "weight bear[ing] as tolerated" in his lower left extremity and his pain

was controlled.  (*Id.* at 823-24.)  By July 20, 2021, he was reporting pain in his left hip at a 4/10

and was using Tylenol as needed.  (*Id.* at 888.)  He also arrived at physical therapy using a cane.

(*Id.*)  On July 22, 2021, Thomas was noted as having "no pain however has proximal weakness

due to weakness prior to surgery."  (*Id.* at 899.)  On July 27, 2021, Thomas reported his left leg

felt "stronger every day" and his left psoas strength was noted as a 2/5 along with left hip

adductor strength of 2/5.  (*Id.* at 904.)   On July 30, 2021, he reported pain of 0/10 in his left hip.

(*Id.* at 913.)  His left psoas strength improved to a 3-/5 and his left hip adductor to a 2+/5.  (*Id.* at 914.)

On August 4, 2021, Thomas underwent an x-ray which showed stable bilateral total hip arthroplasties.  (*Id.* at 930.)  On August 9, 2021, he was noted as arriving to physical therapy using a cane.  (*Id.* at 926.)  He reported a pain scale of 1-2/10 in his left hip and his left psoas strength had increased to a 3/5.  (*Id.* at 926.)  He was also cleared to drive.  (*Id.* at 928.)  On August 16, 2021, Thomas was noted as having a gait that was "independent with cane" although he reported difficultly to "walk community distances or do cooking, cleaning, [or] shopping due to L leg."  (*Id.* at 1400-01.)  On August 25, 2021, Thomas reported "he feels he is getting stronger," however he still felt weakness in his quads.  (*Id.* at 1389.)  On September 10, 2021, his left psoas strength had increased to a 3+/5, with all other assessments of quads, hamstrings, and the gluteus medius/maximus between 3- and 3+/5.  (*Id.* at 1380.)  On September 14, 2021, Thomas reported no pain.  (*Id.* at 1369-70.)  An x-ray on September 15, 2021, showed a stable left total hip arthroplasty and he was not listed as a fall risk.  (*Id.* at 1363.)

B.     **State Agency Review**

On July 29, 2021, a state agency medical consultant found Thomas had exertional limitations and could only occasionally lift 20 lbs.  (*Id.* at 87.)  Thomas could never climb ladders, ropes, or scaffolds, but could frequently kneel, stoop, and balance.  (*Id.* at 88.)  Due to his asthma, he should avoid exposure to temperature extremes, wetness, humidity, and respiratory irritants.  (*Id.*)  He should also avoid workplace hazards including dangerous machinery and unprotected heights.  (*Id.*)

On September 28, 2021, a separate state agency medical consultant made similar findings, noting Thomas could frequently balance, stoop, kneel, and crawl, and that his asthma

was "controlled with rx." (*Id.* at 110.)  He should avoid extreme temperatures, humidity, and respiratory irritants, but could be exposed to wetness.  (*Id.* at 111.)  Thomas should also avoid dangerous moving equipment and unprotected heights.  (*Id.*)

### C.     March 2021 Applications for Disability Insurance Benefits and Supplemental Security Income

On March 24, 2021, Thomas applied for disability insurance benefits ("DIB") and supplemental security income ("SSI").  (*Id.* at 46.)  For both his DIB and SSI applications, Thomas alleged a disability onset date of May 29, 2020.  (*Id.*)  He alleged disability based on his HIV diagnosis, hip problems, asthma, and high blood pressure.  (*Id.* at 85.)  On August 2, 2021, Thomas's claims were denied.  (*Id.* at 155, 160.)  Reconsideration was denied on September 29, 2021.  (*Id.* at 167, 170.)  On October 13, 2021, Thomas requested a hearing before an Administrative Law Judge ("ALJ").  (*Id.* at 174.)

On April 20, 2022, Thomas, who was represented by counsel, testified before an ALJ. (*Id.* at 511.)  A Vocational Expert ("VE") was also present.  (*Id.*)  During the hearing, Thomas amended his claim to begin from his disability onset date of May 29, 2020, and ending on September 24, 2021, the date when he returned to substantial gainful work activity.  (*Id.* at 514.)

On May 23, 2022, the ALJ found Thomas was not disabled.  (*Id.* at 118.)  On February 9, 2023, the Appeals Council denied his request for review.  (*Id.* at 132.)

### D.     Procedural History

On March 22, 2023, Thomas filed the instant case.  (Doc. 1.)  On May 19, 2023, the Commissioner filed an unopposed Motion to Remand pursuant to 42 U.S.C. § 205(g).  (Doc. 7.) This Motion was granted.  (*See* Doc. 8.)

A second hearing before an ALJ was held on July 11, 2024, where Thomas, who was represented by counsel, and a separate VE testified.  (Doc. 11 at 66.)  The VE testified that the

use of a walker for balance would not make jobs available at the light or sedentary levels.  (*Id.* at

81-82.)  Thomas again requested his period of disability be a closed period between May 29,

2020, and September 24, 2021.  (*Id.* at 70-71.)  On August 12, 2024, the ALJ found that Thomas

was not disabled.  (*Id.* at 55.)  The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2027.
>
> 2. The claimant has engaged in substantial gainful activity (SGA) beginning September 24, 2021 through the date of the decision (20 CFR 404.1520(b), 404.1571 et seq., 416.920(b) and 416.971 et seq.).
>
> 3. However, there has been a continuous 12-month period from May 29, 2020 to September 24, 2021 when the claimant did not engage in substantial gainful activity. The remaining findings address the period(s) the claimant did not engage in substantial gainful activity.
>
> 4. The claimant has the following severe impairments: osteoarthritis and allied disorders; asymptomatic HIV infection; asthma; and obesity (20 CFR 404.1520(c) and 416.920(c)).
>
> 5. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 6. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except occasional climbing of ramps and stairs, never ladders/ropes/scaffolds; frequent balance, stoop, kneel and crawl and occasionally crouch; frequent exposure to extreme cold, extreme hot, humidity, and fumes/odors/dusts/gases/ and poor ventilation; and never exposure to hazards (unprotected heights/dangerous machinery).
>
> 7. The claimant is capable of performing past relevant work as a fast-food services manager. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> 8. The claimant has not been under a disability, as defined in the Social Security Act, from May 29, 2020, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(*Id.* at 46-55.)  The ALJ also denied Thomas's request to adjust his period of disability, finding that "the evidence does not support a closed period of disability."  (*Id.* at 46.)

On March 28, 2025, Thomas moved to reopen the case.  (Doc. 10.)  The case was reopened on April 2, 2025.  On February 11, 2026, the R&R recommended the Court affirm the Commissioner' final decision.  (Doc. 19.)  Thomas timely submitted two objections.  (Doc. 20.)  The Commissioner responded.  (Doc. 21.)

## II.     LAW AND ANALYSIS

### A.     Standard of Review

A district court "shall make a *de novo* determination of those portions or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C) (flush language); *see Powell v. United States*, 37 F.3d 1499 (Table), 1994 U.S. App. LEXIS 35044, 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to *de novo* review by the district court in light of specific objections filed by any party.") (citations omitted).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C) (flush language).

The Court's review of the Commissioner's decision to deny benefits is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence.  42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010).  "Substantial evidence is 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 521 (6th Cir. 2008) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal

citation omitted)).  "The standard 'presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.'"  *Edwards v. Comm'r of Soc. Sec.*, No. 23-5490, 2024 U.S. App. LEXIS 3315, 2024 WL 2705000, at \*2 (6th Cir. Feb. 12, 2024) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (citation omitted)). If substantial evidence supports the Commissioner's finding that the claimant is not disabled, that finding must be affirmed even if the reviewing court would decide the matter differently.  *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility.  *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted).  The Commissioner's decision must be affirmed even if the claimant's position is also supported by substantial evidence.  *Wallace v. Comm'r of Soc. Sec.*, 221 F.3d 1337 (Table), 2000 U.S. App. LEXIS 24244, 2000 WL 799749, at \*1 (6th Cir. 2000) (citing *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)).  "Yet, even if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'"  *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 746 (6th Cir. 2007)).

### B. First Objection: The R&R Properly Evaluated Thomas's Testimony Along with All Relevant Medical Evidence

Evaluation of a claimant's subjective complaints rests with the ALJ.  *See Siterlet v. Sec'y of HHS*, 823 F.2d 918, 920 (6th Cir. 1987); *Rogers*, 486 F.3d at 248.  "There is no question that subjective complaints of a claimant can support a claim for disability, if there is also objective medical evidence of an underlying medical condition in the record."  *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475-76 (6th Cir. 2003); *see also* SSR 16-3p, 2017 WL 5180304, at \*4

(explaining that "[w]e will not find an individual disabled on alleged symptoms alone").

"Nevertheless, an ALJ is not required to accept a claimant's subjective complaints." *Jones*, 336

F.3d at 476.  Rather, an ALJ must evaluate a claimant's symptoms and provide an explanation

that is "sufficiently specific to make clear to the individual and to any subsequent reviewers the

weight the adjudicator gave to the individual's statements and the reasons for that weight."

*Rogers*, 486 F.3d at 248.  This analysis cannot be disturbed "absent compelling reason." *Smith v.*

*Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

ALJ's undertake a two-step process to assess the limiting effects of a claimant's

symptoms.  *See* SSR 16-3p, 2017 WL 5180304.  At step one, "the ALJ will ask whether [] there

is an underlying medically determinable physical impairment that could reasonably be expected

to produce the claimant's symptoms." *Rogers*, 486 F.3d at 247 (citing 20 C.F.R. § 416.929(a));

SSR 16-3p, 2017 WL 5180304, at *3.  At step two, if such an impairment exists, the ALJ "must

evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's

ability to do basic work activities." *Rogers*, 486 F.3d at 247; SSR 16-3p, 2017 WL 5180304, at

*4.

At the second step, the ALJ "will not reject your statements about the intensity and

persistence of your pain or other symptoms or about the effect your symptoms have on your

ability to work solely because the available objective medical evidence does not substantiate

your statements." 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2).  Rather, "[b]ecause symptoms

sometimes suggest a greater severity of impairment than can be shown by objective medical

evidence alone, [the ALJ] will carefully consider any other information you may submit about

your symptoms." *Id.* at §§ 404.1529(c)(3), 416.929(c)(3).  In addition, SSR 16-3p states:

> [I]f an individual's statements about the intensity, persistence, and limiting effects
> of symptoms are inconsistent with the objective medical evidence and the other

evidence, we will determine that the individual's symptoms are less likely to reduce his or her capacities to perform work-related activities or abilities to function independently, appropriately, and effectively in an age-appropriate manner.

2017 WL 5180304, at *8.  Consistent with these regulations, the ALJ "will consider various factors in assessing a claimant's pain to determine her residual functional capacity."  *Wilson v. Comm'r of Soc. Sec.*, 783 F. App'x 489, 502 (6th Cir. 2019).  These factors include:

> (i) Your daily activities;
>
> (ii) The location, duration, frequency, and intensity of your pain or other symptoms;
>
> (iii) Precipitating and aggravating factors;
>
> (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
>
> (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
>
> (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
>
> (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

SSR 16-3p, 2017 WL 5180304, at *7-8; 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).  "The ALJ need not analyze all seven factors identified in the regulation but should provide enough assessment to assure a reviewing court that he or she considered all relevant evidence."  *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724, 733 (N.D. Ohio 2005).  This analysis "should be specific enough to permit the court to trace the path of the ALJ's reasoning."  *Id.*

The R&R recommended affirmance on the grounds the ALJ made sufficient findings that Thomas no longer required a wheeled walker.  (Doc. 19 at 1673-76.)  In his first objection, Thomas argues the R&R "does nothing to address Plaintiff's allegation that the ALJ improperly rejected Plaintiff's testimony that from May 29, 2020, to September 24, 2021, 'he had a very

high level of pain because of the deterioration of his left hip and used a walker to keep balance.'" (Doc. 20 at 1682.)  In response, the Commissioner argued the ALJ's finding that Thomas did not require a wheeled walker was supported by substantial evidence.  (Doc. 21 at 1687.)

Thomas contends the ALJ was not compliant with SSR 16-3p and 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) because the ALJ improperly rejected his testimony about his hip pain and need for a walker and did not discuss any of the applicable factors.  (Doc. 20 at 1682.) The ALJ determined Thomas's statements "concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record."  (Doc. 11 at 53.)  The ALJ outlined Thomas's hearing testimony to include the fact that he "had a very high level of pain because of the deterioration of his left hip and [that he] used a walker to keep balance."  (*Id.* at 52.)  In addition, the ALJ discussed hearing testimony regarding Thomas's ability to stand, care for his personal needs, his daily activities, and his ability to drive.  (*Id.*)

The ALJ also addressed Thomas's left total hip arthroplasty, including his recovery and subsequent physical therapy.  (*Id.* at 53.)  The ALJ cited medical evidence showing Thomas no longer used a walker within two months of his surgery.  (*Id.*)  The ALJ also noted significant improvements in Thomas's strength, mobility, and x-ray results that indicated "[h]ardware is intact with no signs of loosening."  (*Id.*)  The ALJ also addressed his return to substantial gainful activity within three months of the procedure.  (*Id.*)

The ALJ's RFC determination was supported by substantial evidence and was compliant with SSR 16-3p and 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).  (Doc. 19 at 1675-78.)  The ALJ considered "several of the seven factors outlined in SSR 16-3p" when evaluating Thomas's

hearing testimony.  (*Id.* at 1678.)  Many of these factors specifically addressed Thomas's use of a walker and hearing testimony.

First, the ALJ outlined the daily activities Thomas discussed in his testimony.  (*See* 20 C.F.R. § 404.1529(c)(3)(i); Doc. 11 at 52; Doc. 19 at 1678.)  These activities included caring for his personal needs, his ability to drive, and engaging in substantial gainful activity three months after his procedure.  (Doc. 11 at 52-53; Doc. 19 at 1678.)  Second, the ALJ discussed Thomas's hearing testimony related to the location, duration, frequency, and intensity of his hip pain.  (*See* 20 C.F.R. § 404.1529(c)(3)(ii); Doc. 11 at 52; Doc. 19 at 1678.)  Third, the ALJ considered Thomas's physical therapy regimen after his left total hip arthroplasty.  (*See* 20 C.F.R. § 404.1529(c)(3)(v): Doc. 11 at 52-53; Doc. 19 at 1678.)  As discussed below, these three factors were considered along with several other factors which addressed Thomas's asthma and HIV diagnoses.  (Doc. 11 at 53-54; Doc. 19 at 1678.)  While the ALJ need not discuss all seven factors, the analysis "should be specific enough to permit the court to trace the path of the ALJ's reasoning."  *Cross*, 373 F. Supp. 2d at 733.  In evaluating his testimony and medical evidence regarding his hip pain and use of a walker, the ALJ complied with SSR 16-3p and discussed the applicable factors outlined in 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).  The Court is able to trace the path of the ALJ's reasoning as to why Thomas's subjective complaints were not consistent with the record evidence.

Thomas's first objection is OVERRULED.

### C.    Second Objection: The R&R Properly Evaluated the ALJ's Compliance with SSR 16-3p[2]

Thomas disagrees with the R&R's recommendation that the Court find the ALJ complied with SSR 16-3p in rejecting the severity of his hip pain.  (Doc. 20 at 1683.)  To Thomas, the regulations prohibit the ALJ from rejecting a claimant's subjective complaints solely because objective medical evidence does not substantiate his statements.  (*Id.* (citing 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2)).)  Thomas also argues the ALJ did not evaluate any other factors in rejecting his testimony.  (*Id.* at 1683-84.)  In response, the Commissioner argued the ALJ's consideration of Thomas's subjective complaints was procedurally proper and supported by substantial evidence.  (Doc. 21 at 1687.)

The ALJ properly applied SSR 16-3p in considering Thomas's medical evidence and hearing testimony.  (Doc. 19 at 1676.)  The ALJ discussed Thomas's testimony regarding his daily activities; the location, duration, frequency, and intensity of his hip pain; and Thomas's physical therapy following his hip arthroplasty and eventual return to substantial gainful activity. (*See* 20 C.F.R. §§ 404.1529(c)(3)(i), (ii), (v); Doc. 11 at 52-53; Doc. 19 at 1678.)  The ALJ also outlined several other factors related to his asthma and HIV diagnoses.  First, the ALJ identified medications Thomas used to treat his symptoms, including use of a rescue inhaler.  (*See* 20 C.F.R. §§ 404.1529(c)(3)(iv); Doc. 11 at 52-53; Doc. 19 at 1677-78.)  Second, the ALJ noted his obesity as an aggravating factor to his asthma and hip impairment.  (*See* 20 C.F.R. § 404.1529(c)(3)(iii); Doc. 11 at 53.)  The ALJ further detailed where the medical records were inconsistent with the severity of Thomas's allegations, noting normal gait, reflexes, and muscle

---

[2] Because Thomas's second objection also deals with the ALJ's evaluation of his subjective complaints pursuant to SSR 16-3p and 20 C.F.R. §§ 404.1529, 416.929, the Court reincorporates its discussion of the relevant regulations and legal authority applied in Section II.B.

strength during much of the relevant period. (*Id.* at 52-53.)  In total, the ALJ addressed at least five of the applicable regulatory factors when determining Thomas's subjective complaints were not entirely consistent with his medical and other evidence in the record.  (*Id.* at 53.)  The Court can "trace the path" of the ALJ's reasoning.  *Cross*, 373 F. Supp. 2d at 733.

Thomas's second objection is OVERRULED.

## III.    CONCLUSION

For the reasons stated herein, Plaintiff Tyler Rayshon Thomas's objections are OVERRULED, the R&R is ACCEPTED and ADOPTED, and the final decision of the Commissioner of Social Security is AFFIRMED.


**IT IS SO ORDERED.**


Date: March 19, 2026                          BRIDGET MEEHAN BRENNAN
                                              UNITED STATES DISTRICT JUDGE